VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      21-AP-191

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2022

Aaron Tudhope\* v.  Marina Mironova (Poddubnyak)

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Family Division
CASE NO. 21-FA-01445
Trial Judge: Barry D. Peterson,
Specially Assigned

In the above-entitled cause, the Clerk will enter:

Father appeals from the trial court's order that denied his request for an emergency ex parte relief-from-abuse (RFA) order and consolidated his RFA request with the parties' pending post-divorce proceedings.  We affirm.

The parties are engaged in contentious post-divorce proceedings.  At the time father filed his request for an RFA order, there were pending motions to modify parental rights and responsibilities in the parties' post-divorce case.  In October 2020, the trial court in the domestic case ordered a comprehensive child-custody evaluation in response to the parties' competing motions; a completed report was submitted on June 8, 2021.  One week later, father filed the ex parte motion for the emergency RFA order at issue here.  He attached a copy of the child-custody evaluation and asserted that mother was abusing the parties' children.  As relevant here, father asked the court to grant him an ex parte RFA order; grant him temporary legal and physical rights and responsibilities in the children; order "no contact" between mother and the children for ninety days; and set the matter for a hearing within fourteen days.

The court denied plaintiff's ex parte requests for relief.  It found no "emergency" and noted that father's counsel was aware that the issues and allegations raised in the RFA request were the same issues and allegations involved in the pending domestic case.  The court found that, while the child-custody evaluation had apparently been completed in the parties' domestic case, it had not yet been accepted by that court as evidence; it might be subject to a Daubert challenge and it would also be subject to cross-examination.  Pursuant to Vermont Rule for Family Proceedings 4.3(a)(3), the court consolidated father's RFA petition with the parties' post-divorce case.  It found that the serious issues and allegations raised by both parties required a full evidentiary hearing wherein both parties and their witnesses and experts could be fully heard. Based upon limited hearing time, these issues and allegations could not be fully heard under the RFA docket.  The court noted that a full day hearing was already scheduled in the domestic case

and another full day hearing would be scheduled shortly. A guardian ad litem and parent coordinator had been appointed in the domestic case and an attorney for the children would soon be appointed. The court found that it was not an efficient use of its resources and limited available hearing time to have two hearings on the same issues and allegations.[*] Father appeals from this order.

Father argues that the court erred by failing to give him an opportunity to present evidence before denying his request for emergency ex parte relief and then failing to set the matter for an expedited hearing within fourteen days. He cites Vermont Rule for Family Proceedings 9(c) in support of his position. Father contends that he was deprived of the opportunity to present testimony from a court-appointed expert and other experts on parental alienation.

We find no error. Rule 9, which addresses the denial of ex parte temporary RFA orders, must be read in conjunction with Rule 4.3. The latter rule specifically empowers the court to consolidate an abuse prevention action with a divorce proceeding on its own motion. See V.R.F.P. 4.3(a)(3). The court provided reasoned grounds for its decision to consolidate these actions. It explained that the RFA petition presented the same issues as those pending in the domestic case and it highlighted the complicated nature of the issues related to the parties' competing requests to modify PRR and the imminent hearings that would be held to address these issues. The court did not err in declining to issue temporary relief and father identifies no additional evidence that he would have presented at a hearing to show that he was entitled to emergency relief. See 15 V.S.A. § 1104(a)(1) (stating that court may issue temporary ex parte relief "[u]pon a finding that there is an immediate danger of further abuse"); V.R.F.P. 9(c) (stating that if affidavit offered in support of temporary relief is deemed insufficient, plaintiff is entitled to present evidence before court decides whether to grant temporary relief). Because the request for a RFA order was consolidated with the domestic case, moreover, there was no need to hold a hearing on father's request for relief with notice provided to mother under V.R.F.P. 9(e). Father's requests for relief are being addressed in the domestic case where he has been and continues to be provided with an opportunity to present testimony in support of his position.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

---

[*] We note that multiple days of hearings have been held in the domestic case since this appeal was filed, with another hearing scheduled for late January 2022.

2